PYLE v. TEXAS TRANSPORT & TERMINAL CO. et al.

(District Court, E. D. Louisiana, New Orleans Division.    January 2, 1911.)

No. 14,240.

1. INJUNCTION (§ 137*)—PRELIMINARY INJUNCTION—RIGHT TO WRIT.

A preliminary injunction will not issue, unless it is probable the complainant will ultimately be granted the relief prayed for.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 309; Dec. Dig. § 137.*]

2. BANKRUPTCY (§ 301*)—CUSTODY OF PROPERTY—POSSESSION PENDING PROCEEDINGS—INJUNCTION.

S., M. & Co., who were cotton exporters, sold 900 bales to S. & Co., and forged certain bills of lading purporting to show its shipment, which, with other documents issued in such transactions, also fraudulent, were attached to drafts drawn on the Bank of M., with which S. & Co. had arranged for credit. After receiving the proceeds of the discount, the bankrupts obtained 900 bales of cotton, and shipped them to New Orleans, where they were received by their shipping agents, and by them delivered to a transportation company in exchange for custody bills of lading. The cotton was marked to correspond with the documents attached to the drafts previously discounted, after which the bankrupts sent the custody bills to S. & Co., with instructions to substitute them for the fraudulent bills annexed to the drafts, and they were delivered to the bank. S., M. & Co. becoming bankrupts, the trustee claimed the cotton, alleging that S. & Co. and the bank knew or had reasonable cause to believe that the bankrupts were insolvent, and that the substitution of the custody bills for the fraudulent bills was intended as a preference, and that, as the transactions were within four months of bankruptcy, they were voidable. *Held*, that the trustee was entitled to an injunction restraining transportation of the cotton out of the jurisdiction or payment of the proceeds in case of a sale until after the termination of the proceeding, under the rule that where equity will enforce a claim to specific property an injunction may issue pendente lite to prevent a transfer that would interfere with or prejudice the ultimate relief to which complainant may be entitled.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 464; Dec. Dig. § 301.*]

In Equity. Suit by J. A. E. Pyle, as trustee in bankruptcy of Steele, Miller & Co., against the Texas Transport & Terminal Company and others. On application for temporary injunction to prevent the removal of certain cotton from the United States. Granted.

W. A. Percy, J. A. Lamb, and Saunders, Dufour & Dufour, for plaintiff.

George H. Terriberry, for defendants Texas Transport & Terminal Co. and Companie General Transatlantique.

Denegre & Blair, for defendant Bank of Mullhouse.

FOSTER, District Judge. In this case complainant, the trustee of Steele, Miller & Co., bankrupts, brings his bill against the Companie

General Transatlantique, the Texas Transport & Terminal Company, F. Scheuch & Co., and the Bank of Mullhouse, to set aside certain alleged preferences to the two last-named defendants. He alleges in substance that Steele, Miller & Co., who were in the cotton exporting business, sold 900 bales of cotton to Scheuch & Co., and forged certain bills of lading purporting to show its shipment, which, with other documents usual in cotton transactions, also fraudulent, were attached to drafts drawn by them on the Bank of Mullhouse, with which Scheuch & Co. had arranged for credit, and in that way they became indebted to the said bank in the amount of 345,495.31 francs, equaling $66,313.87; that, after obtaining the discounting of these drafts, they acquired 900 bales of cotton and shipped them to New Orleans. When the cotton arrived at New Orleans it was received by Steele, Miller & Co.'s shipping agents, and by them delivered to the Companie General Transatlantique, through the Texas Transport & Terminal Company, and certain custody bills of lading were issued for it. The cotton was marked to correspond with the documents attached to the drafts previously discounted. After that, Steele, Miller & Co. sent the custody bills of lading to Scheuch & Co., at Havre, with instructions to substitute them for the fraudulent bills of lading annexed to the drafts, and they were delivered to the bank. He alleges that Scheuch & Co. and the Bank of Mullhouse knew, or they had reasonable cause to know, that Steele, Miller & Co. were insolvent, and that the substitution of the bills of lading was intended to act as a preference; that as the transactions were within four months of the bankruptcy of Steele, Miller & Co., and voidable, he elects to avoid them.

Complainant contends the Bank of Mullhouse bought the drafts, and a preference was attempted by substituting valid securities for those wholly bad. The bank contends it was the actual purchaser of cotton, and that by the marking of the 900 bales to correspond with the fraudulent documents, and shipping it, Steele, Miller & Co. appropriated it to them; that they had no notice, actual or constructive, of the insolvency of Steele, Miller & Co., and did not know, and had no reason to believe, that the substitution of the bills of lading was intended as a preference, and therefore, if a preference, it is not voidable.

The matter is now before me solely on an application for a preliminary injunction to prevent the removal of the cotton out of the United States. The Bank of Mullhouse has appeared by counsel, but has filed only what it terms a "limited appearance." Both sides have submitted certain affidavits and exhibits, tending to prove their respective contentions. It is urged by the bank that an injunction pendente lite in this case would be equivalent to a seizure of their property, and that it is entitled to the delivery of the cotton, no matter what may be the ultimate outcome of the suit.

I fully appreciate it is the rule that a preliminary injunction will not issue unless it is probable the complainant will ultimately be granted the relief prayed for, but I must consider all aspects of the case. If the trustee has any right at all, it is to recover the property itself. I also understand it to be the rule that, whenever equity will enforce

a claim in or to specific property, an injunction will properly issue, pending the suit, to prevent a transfer that would interfere with or prejudice the ultimate relief to which complainant may be entitled with respect to said property.

The cotton is still in the custody of the carriers at the port at which they received it, and the bank is not entitled to it if the complainant makes out his case. Instead of coming into court to assert its rights, the bank has endeavored to avoid submitting itself to the jurisdiction of this court while attempting to receive the greatest possible benefit. The case here presented by the affidavits is a close one, and it may be that the bank will prevail on final determination. But I cannot bring myself to decide this important question on ex parte affidavits, more especially when there are no pleadings of the bank before me. I consider that, as to the question of whether the preference is voidable or not, complainant is entitled to have issue joined, and to search the conscience of the defendants, conformably to the principles of equity.

If the property goes out of the jurisdiction of this court, pending the determination of the merits, the trustee, if he prevails, will have an empty victory, and will have to pursue the defendants to France. While I have no doubt of the learning and probity of the French courts, I may be pardoned for indulging the presumption that the courts of the United States are as competent and will as surely deal justly between the parties. Had there been a full and complete appearance by the defendants, I would still consider the interests of justice to be best subserved by detaining the property within the jurisdiction of this court, as I must take notice that the French courts accord no conclusiveness to the judgments of the courts of the United States. Even after a full and complete trial on the merits in this court, the trustee, if successful, would be obliged to try his case anew and again offer all his evidence in the French court. If the property is detained within its jurisdiction, it is evident this court can fully enforce any decree that it may make.

It will be easy to minimize any damage the bank is liable to suffer by selling the cotton and depositing the proceeds. In fact, it would seem the transportation company is entitled to relief of this kind. So, too, the property may be released to the bank on its furnishing an adequate bond. or, if the security already given by the trustee is not sufficient to protect all parties, it can be increased.

I will entertain motions for relief in conformity with the above views at any time. In the meanwhile, and to preserve the status quo, an injunction pendente lite will issue.